IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JARED ROSS, DBA EMERGENCY VEHICLE PRODUCTS GROUP,**

    Plaintiff,

    v.

**ELIGHTBARS LLC,**

    Defendant.

Case Number 3:14 CV 2610

Magistrate Judge James R. Knepp, II

MEMORANDUM OPINION AND ORDER

### INTRODUCTION

On December 7, 2015, Defendant eLightbars LLC ("eLightbars") moved for summary judgment. (Doc. 12). Plaintiff has not opposed the motion.

The Court has jurisdiction under 28 U.S.C. § 1332. The parties have consented to the undersigned's exercise of jurisdiction in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 6). For the following reasons, Defendant's motion is granted.

### FACTUAL SUMMARY

Plaintiff is a distributor of certain products manufactured by Star Headlight and Lantern Company ("Star") used as emergency warning devices for first responders. Defendant operates a website as service to emergency personnel which includes a discussion forum for them to discuss emergency lights and sirens and similar items. Users of the site are bound by a user agreement. Plaintiff was unhappy about certain postings about him on the site made by third-parties. He threatened legal action (although a couple of instances of reinstatement and removal are omitted for the sake of brevity) which ultimately resulted in Plaintiff being banned from the site. He subsequently filed the instant action containing a single cause of action for libel, on the basis that

Defendant's site has failed to remove defamatory statements (by others) from its website and has defamed him by banning Plaintiff from further use of the site.

## STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(a), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id.* When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## ANALYSIS

Defendant argues that Plaintiff's claims are preempted by the Communications Decency Act, 47 U.S.C. § 230 ("CDA"). The CDA provides, in pertinent part, that "no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," and further provides that "[n]o cause of action may be brought and no liability may be imposed under any state or local law that is inconsistent with this section." Defendant's assertion that its website is an interactive computer service provider is uncontroverted.

Defendant directs the Court to 47 U.S.C. § 230(b)(1), which provides that the underlying policy of the CDA is the promotion of the continued development of the internet and other interactive computer services. This section "'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore, bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content.'" *Dimeo v. Max*, 433 F. Supp. 2d 523, 528 (E.D. Pa. 2006) (quoting *Green v. America Online*, 318 F. 3d 465, 471 (3d Cir. 2003)).

Moreover, aside from the fact that Defendant is the provider of an interactive computer service subject to protection against civil liability under the CDA, Defendant asserts that Plaintiff's claim is also barred by his acceptance of terms of service which, according to the uncontroverted evidence before the Court, provide that in exchange for the opportunity to use the website, Plaintiff agreed that Defendant would not be liable for any damages arising therefrom.

## CONCLUSION

The Court finds no genuine issue of material fact that Defendant is shielded from liability from Plaintiff's claims in this lawsuit by the express terms of the CDA. Thus, Plaintiff's claims fail as a matter of law and Defendant's Motion for Summary Judgment should be, and hereby is, GRANTED.

IT IS SO ORDERED.

s/James R. Knepp, II
United States Magistrate Judge

3